UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

LATAIYA C. MOORE,

    Plaintiff,

v.                                               CASE NO.: 2:19-cv-14220

ST. LUCIE COUNTY, FLORIDA,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, LATAIYA C. MOORE (hereafter, "Plaintiff"), by and through her undersigned counsel, and hereby files this Complaint against Defendant, ST. LUCIE COUNTY, FLORIDA (hereafter, "Defendant"), and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. This is an action for damages that exceed $ 15,000.00, exclusive of costs, interest, and attorney's fees by Plaintiff against her former employer for violation and to secure protection of and redress deprivation of rights secured by 42 U.S.C. § 2000 et seq. providing for injunctive, compensatory, punitive and other relief against race discrimination and for disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). This Court has jurisdiction over Plaintiff's federal law claims pursuant to *28 U.S.C. § 1337,*.

2. Venue is proper in the Fort Pierce Division of the Southern District of Florida pursuant to 42 U.S.C. § 2000(e)-5(f) (3) and 28 U.S.C. § 1391 (b) and (c) because the unlawful employment practices were committed within this judicial district. All facts and circumstances arising from this dispute took place in St Lucie County, Florida.

3. Plaintiff is an individual who resided in St. Lucie County, Florida, during the time of her employment with Defendant and all times material herein.

4. Defendant is an "employer" as defined by 42 U.S.C. § 2000e(b) because it is engaged in an industry affecting commerce and has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

## ADMINISTRATIVE PREREQUISITES

5. Plaintiff timely dual filed a Charge of Discrimination on April 21, 2017, with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., and Title V, Section 503 of the Act, 42 U.S.C. 12203 as well as Race and Retaliation, 42 U.S.C. § 2000 et seq. providing for injunctive, compensatory, punitive and other relief against race discrimination and retaliation. A copy of which is attached hereto and incorporated herein as Exhibit "A".

6. This action is filed within ninety (90) days of Plaintiff's receipt of her Notices of Right to Sue, dated March 28, 2019, in reference to EEOC Charge Number 510-2017-02610, from the U.S. Department of Justice, Civil Rights Division, copies of which are attached hereto and incorporated herein as Exhibit "B".

## GENERAL ALLEGATIONS

7. The Plaintiff was hired as a Public Safety Communicator on March 6, 2017.

8. Plaintiff was immediately ridiculed and humiliated by her Caucasian coworkers, trainers and members of supervision. The numerous incidents included, but were certainly not limited to the following events in March of 2017:

a. Coworker Patricia Garcia stated: (i) "Look around, there are no blacks in here, you're outnumbered." This was stated in front of Angel Spears (sister of the Plaintiff who left because of these types of comments).

b. Coworker Monica Eaton said to the Plaintiff during her training: (i) "Why do you chose this place?" and (ii) "Black people never stay."

c. Coworker James Gilbert stated "Obama sucks Cunts."

d. Trainer Jonathan Cuny stated (i) after Plaintiff was using the dishes, "Oh God, now we will have to start washing the dishes with bleach", (ii) "[Plaintiff] had hair like a 10-15" referring to prisoner in custody, (iii) "[Plaintiff's] hair looks stinky", and (iv) "I bet she brought watermelon" because the Plaintiff contributed fruit for the pot luck breakfast.

e. The Plaintiff entered the bathroom nearest her desk or workstation. Ms. Danielle Desoriers and another caucasian employee were using the restroom and were standing at the sink. Ms. Desoriers, knowing that she could be overheard by the Plaintiff, said in a loud voice that she was disgusted to share a bathroom and lotion with the Plaintiff. She then proceeded to turn around and say "EEWWW" in a disgusted tone while looking directly at the Plaintiff. She then something to the effect of "can't you find another bathroom" or "go somewhere else."

f. A Supervisor, Christina Charles, requested that Plaintiff get out of her seat because another Caucasian employee wanted to sit there even though there were other seats in the room available. There were numerous other empty seats available at the time. The Plaintiff's caucasian coworkers were not asked move off of their seat.

9. Due to the stress, humiliation and emotional suffering, the Plaintiff began to experience severe symptoms from her Gillian-Barre Syndrome. She requested a reasonable accommodation in to wear sunglasses and bring a service animal to work to Terry Peterman (despite Caucasians

employees like Mr. James Gilbert having hats, glasses, etc.). Plaintiff was denied this reasonable accommodation afforded to her caucasian coworkers.

10. On April 6, 2017, Plaintiff found a piece of her dreadlock (piece of Plaintiff's hair) had been cut off without her knowledge lying beside her chair. As a result of this incident and the compounding of others, the Plaintiff suffered an anxiety attack and was crying hysterically.

11. On April 7, 2017, Plaintiff walked into the room and two employees stated, "a live racoon was in the office."  Karen, a Supervisor, and another Coworker were laughing hysterically when the employee stated, "Look your mother is here" while she was holding a live racoon.  They referred to the racoon as the Plaintiff's daughter. This was so humiliating to the Plaintiff that she relapsed back into a state of depression.

12. Plaintiff reported the discrimination to Terri Peterman. Ms. Peterson stated (i) "I find it hard to believe", (ii) instructed the Plaintiff to "grow a thick skin", and agreed that she also hated Obama. During her statements, Ms. Peterson laughed out loud as though it was funny.

13. On April 10, 2017, Plaintiff was given several tests from her trainer and Assistant Supervisor, Kathleen Missong.  The tests were not given to other Caucasian trainees and were not part of the typical training regimen.  Ms. Missong called the Plaintiff a "Fucking Idiot" and gave her an Unacceptable Observation. Ms. Missong also stated "just don't worry about the training material because blacks don't last anyway."

14. On April 11, 2019, after having another anxiety attack from the continuing hostile work environment on the basis of her race, Plaintiff drove to Human Resources and reported the incidents described above.

15. The Plaintiff began participating in the employee assistance program to seek assistance handling the emotional distress she experienced while with the Defendant.

16. After the panic attack and as a result of the numerous instances of harassment, the Plaintiff did no feel comfortable returning to the Department.

17. The Plaintiff lost her employment because she was unable to mentally and physically handle returning to her original position and/or Department after the traumatizing treatment she received.

18. The Defendant could not provide alternative employment in another department, took not steps to correct and or address the racial bias and animus within the department or otherwise failed to address the hostile work environment leading to the Plaintiff's loss of employment or discharge.

19. The Plaintiff has retained the Malatesta Law Office and agreed to compensate at a reasonable hourly rate for its services.

## COUNT ONE: RACE DISCRIMINATION HOSTILE WORK ENVIRONMENT TITLE VII (NO ADVERSE ACTION)

20. Plaintiff incorporates and realleges by reference, as though fully set forth herein, Paragraphs 1 through 15, 20 of this Complaint.

21. Because Race was a motivating factor in the decision to construct to mistreat the Plaintiff and to disparage, malign, harass her, the Defendant and its agents violated Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, both as amended, with knowing and/or reckless disregard of the Acts' proscriptions.

22. As a direct, proximate and foreseeable result of the Defendant's discriminatory actions, the Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, the potential loss of future employment and other non-pecuniary losses and intangible injuries.

As a result of such discrimination and consequent harm, the Plaintiff has suffered such damages in an amount according to proof.

23. Defendant's conduct was despicable and the acts herein alleged were malicious and oppressive and were committed with an improper and evil motive to injure Plaintiff, amounting to malice and in conscious disregard of Plaintiff's rights.

WHEREFORE, Plaintiff, LATAIYA C. MOORE, hereby demands and prays this Court to grant the following relief against ST. LUCIE COUNTY, FLORIDA:

(a) A declaratory judgment providing that the Defendant violated the Title VII;

(b) An award of compensatory damages to Plaintiff for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

(c) An award of punitive damages to Plaintiff to compensate him for the mental and emotional distress occasioned by Defendant's misconduct;

(d) Reasonable attorneys' fees and court costs,

(e) A trial by jury on all issues so triable; and

(f) Such other and further relief as the Court deems just and proper.

**COUNT TWO: RACE DISCRIMINATION HOSTILE WORK ENVIRONMENT (ADVERSE ACTION)**

24. Plaintiff incorporates and realleges by reference, as though fully set forth herein, Paragraphs 1 through 20 of this Complaint.

25. Because Race was a motivating factor in the decision to construct to terminate the Plaintiff by failing to address her reports of discrimination and racism, and the Defendant and its agents

violated Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, both as amended, with knowing and/or reckless disregard of the Acts' proscriptions.

26. As a direct, proximate and foreseeable result of the Defendant's discriminatory actions, the Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, the potential loss of future employment and other non-pecuniary losses and intangible injuries. As a result of such discrimination and consequent harm, the Plaintiff has suffered such damages in an amount according to proof.

27. Defendant's conduct was despicable and the acts herein alleged were malicious and oppressive and were committed with an improper and evil motive to injure Plaintiff, amounting to malice and in conscious disregard of Plaintiff's rights.

28. The Defendant's conduct was such that it would inequitable to require the Plaintiff to return to work for the Defendant so the Plaintiff is entitled to front pay in lieu of reinstatement.

    WHEREFORE, Plaintiff, LATAIYA C. MOORE, hereby demands and prays this Court to grant the following relief against ST. LUCIE COUNTY, FLORIDA:

(a) A declaratory judgment providing that the Defendant violated the Title VII;

(b) An award of compensatory damages to Plaintiff in an amount equal to her lost compensation, bonuses and benefits, occasioned by Defendants' misconduct;

(c) An award of general and punitive damages to Plaintiff to compensate him for the mental and emotional distress occasioned by Defendant's misconduct;

(d) Reasonable attorneys' fees and court costs,

(e) front pay in leu of Reinstatement,

(f) A trial by jury on all issues so triable; and

(g) Such other and further relief as the Court deems just and proper.

## COUNT THREE – AMERICANS WITH DISABILITIES ACT (FAILURE TO ACCOMMODATE) – 42 U.S.C. §§ 12101-12117

29. Plaintiff incorporates and realleges by reference, as though fully set forth herein, Paragraphs 1 through 20 of this Complaint.

30. The Defendant knew of the Plaintiff's disability.

31. The Plaintiff requested a reasonable accommodation to have service animal and where sunglasses.

32. The accommodation would have allowed the Plaintiff to perform the essential functions of her position without unnecessary stress, pain, harm and suffering.

33. The Plaintiff failed to provide a reasonable accommodation which resulted in the Plaintiff experiencing unnecessary pain, discomfort, anxiety and humiliation.

34. Defendant is a "person" within the meaning of §101(7) of the ADA, 42 USC § 1211(7), and §701 of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e, in that, the definition includes one or more individuals, … , partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations…

35. At all times relevant hereto, Plaintiff is an individual with a "disability" as that term is defined in Section 3(2) of the ADA, 42 USC § 12102, which provides "disability" means a physical or mental impairment that substantially limits one or more major life activities of such individual… Specifically, Plaintiff suffers from Gillian-Barre Syndrome causing issues such as [insert].

36. Plaintiff is a qualified individual with a disability within the meaning of Section 101(8) of the ADA, 42 USC § 12111(8), in that Plaintiff is an individual with a disability, who, with a reasonable accommodation of having a sunglasses, can perform all the essential functions of the position.

WHEREFORE, Plaintiff, LATAIYA C. MOORE, hereby demands and prays this Court to grant the following relief against ST. LUCIE COUNTY, FLORIDA:

a. Find and hold that the Defendant failed to provide a reasonable accommodation to the Plaintiff under the ADA;

b. Find and hold that the failure to accommodate caused physical and emotional distress to the Plaintiff;

c. Find and hold that the Defendant's actions were willful in its failure to abide by the ADA;

d. Award the Plaintiff compensatory and punitive damages in an amount to be determined at trial in this matter;

e. Award Plaintiff her attorneys' fees, including litigation expenses, and costs of this action; and

f. Grant such other further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

37. Plaintiff, by and through her undersigned attorney, hereby demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by jury in this action.

Respectfully submitted this 26th day of June, 2019.

/s/ Frank M. Malatesta, Esq.
FRANK MALATESTA, ESQUIRE
Florida Bar No.: 0097080
Malatesta Law Office
871 Venetia Bay Blvd., Suite 235
Venice, FL 34285

Phone: (941) 256-3812  
Fax: (888) 501- 3865  
Frank@malatestalawoffice.com  
Staff@malatestalawoffice.com  
Attorney for the Plaintiff